IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| STEPHANIE BEKENDAM | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | No. 3:20-cv-2307-K (BT) |
| | § | |
| STATE OF TEXAS, et al. | § | |
| Defendants. | § | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

Plaintiff Stephanie Bekendam proceeds *pro se* and *in forma pauperis* in this federal civil rights action. Bekendam filed this action when she was incarcerated as a Texas state prisoner, though, she claims that she has since been released. *See* (ECF No. 16 at 1-2). The Court withheld service of process pending judicial screening. Having completed that screening, the Court recommends that Bekendam's Complaint be DISMISSED with prejudice as frivolous under 28 U.S.C. §§ 1915(A) and 1915(e)(2)(B)(ii), that her "Motion to Quit Claim in Support of Deed of Trust" (ECF No. 35) and "Motion for Judgment to Disclose Defendant and Amend Lawsuit in Demand for Legal Counsel" (ECF No. 36) be DENIED, and that Bekendam be sanctioned and barred from proceeding *in forma pauperis* in this Court without first being given leave of Court to do so.

## Background

Bekendam filed her Complaint on August 19, 2020. The 36-page submission is rambling and difficult to follow. It contains some allegations sounding in habeas, as well as some apparently attempting to state civil causes of action.

After filing her initial Complaint, Bekendam also filed a separate petition for a writ of habeas corpus. (ECF No. 10). The Court severed her habeas claims, which were pending in Civil Case No. 3:20-cv-2918 but have since been transferred to the Wichita Falls Division of the Northern District of Texas. *See* (ECF No. 16); *see also* (ECF No. 12) in Civil Case No. 3:20-cv-2918.

As best the Court can understand, Bekendam complains that she is forced to sit in a "sick building" until COVID-19 ends even though her "writs" have already been "granted to proceed." *Id.* at 1. She also focuses on the status of certain habeas petitions that she filed while in prison, noting that the same must be filed prior to her release date of September 14, 2020. *Id.* at 2. She asserts that "Wichita" is under siege for "bribery" and "trafficking." *Id.*

Another consistent theme of the Complaint is Bekendam's desire to be reunited with her son, who she claims was kidnapped in 2001 and has now fallen into male prostitution. *Id.* at 2-3. She asserts that she does not

know where her son is or whether he is safe or alive and that "[n]obody, not even [her] CCJPA Counselor" gives her straight answers. *Id.* at 2.

She maintains that upon her release to the "BVCASA or safe place" with her son, following the reversal of "Cause No. 50166A," she will receive a substantial down payment in the amount of $20 million, along with SSDI payments and $2.7 million per month for the rest of her life in alimony payments. *Id.* at 4. Although unclear, Bekendam also appears to allege that her identity was stolen in 2015 and that the thieves were caught "red handed." *Id.* at 11.

As for Defendants, Bekendam names (1) the Wichita County District Clerk, who she claims was negligent and slandered her; (2) the "State of Texas Criminal Justice Parole Division," which she claims was negligent; (3) the Wichita Falls Police Department, which she claims was "fraudulent" and acted with the "intent to conceal;" (4) Kimberly Gray, who she alleges engaged in a conspiracy with the intent to commit premeditated murder and kidnapping; and (5) Tamara Thornton, who allegedly engaged in identity theft, coercion, "fraudulent use," and was "caught red-handed lying to (FBC)." *Id.* at 10.

As for relief, Bekendam asks this Court to "please compel TDCJ-PD to proceed and verify petitions—writs sent for processing § 14—in writing on letterhead A.S.A.P." and to "[p]lease compel TDCJ to process me out [sic]

Legally System and release all claims I am requesting in demand . . . set free with protect to move forward with my son!!" *Id.* at 3, 11.[1]

Bekendam also attached to her Complaint several pages of a petition for habeas corpus filed under section 11.07 of the Texas Code of Criminal Procedure, in which she complains that evidence in a criminal proceeding was suppressed, that witnesses gave perjured testimony concerning eyewitness identification, that state and local law enforcement engaged in misconduct, that she received ineffective assistance of counsel, and that she encountered religious discrimination. *Id.* at 13-18.

---

[1] Bekendam also attached a variety of documents to her Complaint, which include: (1) a TDCJ Step One grievance form related to her treatment for "spider bite wound care," in which Bekendam also complains that "[i]t is not fair to have to sit here . . . is a major risk to my health, til [sic] the end: Cov19;" (2) a list of Bekendam's medications; (3) a document entitled "Inmate Request to Official" in which Bekendam states, in part, that "writs must be filed before I leave TDJC grounds 9/14/2020" and again indicates that she does not know the location of her son; (4) a TDCJ Step Two grievance form in which Bekendam asks, in part, for someone to check on the status of her writ petitions, which must be filed before she leaves "TDCJ" soil; (5) a TDCJ Step One grievance form in which Bekendam complains, in part, of "open wounds" all over her body "without proper hygiene and asks when she will be released from prison; (6) A TDCJ Step Two grievance form in which Bekendam asks for someone to check the status of her "legal writs," as "Wichita County is under siege for trafficking;" (7) a TDCJ Step One grievance form in which Bekendam appears to recount trouble that she encountered while attempting to obtain certain medications to help with her spider bites; and (8) a response by the TDCJ to one of Bekendam's grievances indicating that it is time-barred. The Court has reviewed these documents, but they do not alter the Court's finding that her claims are frivolous. *See id.* at 19-34.

## Legal Standards

Because it was filed while she was a prisoner, Bekendam's Complaint is subject to preliminary screening under 28 U.S.C. § 1915A. That section provides in pertinent part:

> The Court shall review…as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity [and] [o]n review, the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint (1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief.

28 U.S.C. § 1914A(a) and (b).

Additionally, under 28 U.S.C. § 1915(e), a district court may summarily dismiss a complaint filed *in forma pauperis* if it concludes the action is: (1) frivolous or malicious; (2) fails to state a claim on which relief may be granted; or (3) seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B)(ii). A complaint is frivolous when it "lacks an arguable basis either in law or fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). A court may dismiss a complaint as frivolous when it is based on an indisputably meritless legal theory or when the factual contentions are "clearly baseless." *Denton v. Hernandez*, 504 U.S. 25, 32 (1992). The latter category encompasses allegations that describe

"fanciful, fantastic, and delusional" scenarios, or that "rise to the level of the irrational or the wholly incredible." *Id.* at 33.

## Analysis

The Court must liberally construe the filings of *pro se* litigants. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (noting *pro se* pleadings "must be held to less stringent standards than formal pleadings drafted by lawyers). But here, even under a most liberal construction, and despite the Court's best efforts to analyze Bekendam's precise claims, Bekendam's allegations are clearly baseless and many of them are also fanciful and delusional. She makes no attempt to tie any of her factual allegations to any of the named Defendants. And—as the Court has already informed Bekendam—to the extent that she seeks to challenge her confinement or particulars affecting its duration, such allegations are the "province of habeas corpus." *Hill v. McDonough*, 547 U.S. 573, 579 (2006). Bekendam's Complaint should therefore be DISMISSED as frivolous.

To the extent Beckendam complains about the conditions of her confinement, especially exposure to the virus that causes COVID-19, she has failed to state a claim upon which relief can be granted. The Eighth Amendment prohibits the imposition of "cruel and unusual punishments." U.S. Const. amend. VIII. Although the Eighth Amendment does not require comfortable prisons, it does not allow inhumane ones either. *Hinojosa v. Livingston*, 807 F.3d 657, 665 (5th Cir. 2015) (citing *Ball v. LeBlanc*, 792

F.3d 584, 592 (5th Cir. 2015)). And "[i]n this Circuit, we have recognized that conditions of confinement which expose inmates to communicable diseases and identifiable health threats implicate the guarantees of the Eighth Amendment." *Wilson v. Lynaugh*, 878 F.2d 846, 849 (5th Cir. 1989).

To state an Eighth Amendment conditions of confinement claim, a plaintiff must allege that her confinement caused an objectively serious deprivation that "constitutes a 'denial of the minimal civilized measures of life's necessities.' " *Coleman v. Sweetin*, 745 F.3d 756, 764 (5th Cir. 2014) (quoting *Farmer v. Brennan*, 511 U.S. 825, 834 (1994)). Prison officials have duties under the Eighth Amendment, which include the provision of adequate food, clothing, shelter, and medical care. *Woods v. Edwards*, 51 F.3d 577, 581 n.10 (5th Cir. 1995) (citing Farmer, 511 U.S. at 832). When stating an Eighth Amendment claim, a plaintiff must also allege that the prison official acted with a sufficiently culpable state of mind. *Coleman*, 745 F.3d at 764.

Here, any conditions of confinement claim is conclusory. In particular, Beckendam fails to allege that any prison official knew of and disregarded an unconstitutional condition. *Williams v. Banks*, 956 F.3d 808, 811 (5th Cir. 2020) ("Deliberate indifference cannot be inferred merely from a negligent or even a grossly negligent response to a substantial risk of serious harm.") Beckendam has therefore failed to state a claim upon which relief can be granted.

Additionally, Bekendam's remaining pending motions, entitled "Motion to Quit Claim in Support of Deed of Trust" and "Motion for Judgment to Disclose Defendants and Amend Lawsuit in Demand for Legal Counsel" (ECF Nos. 35, 36) should be denied as well. The "Motion to Quit Claim in Support of Deed of Trust"—which contains records related to Bekendam's open requests request concerning the status of since-foreclosed-upon property in Wichita Falls, Texas—is mooted by the dismissal of Bekendam's Complaint. *See* (ECF No. 35).

And, to the extent Bekendam seeks to amend her Complaint through her  "Motion for Judgment to Disclose Defendants and Amend Lawsuit in Demand for Legal Counsel," while Rule 15(a) requires a trial court to freely grant leave to amend, "[l]eave to amend is in no way automatic," and the district court may deny leave to amend on grounds of "undue delay, bad faith or dilatory motive on the part of the movant, repeated failures to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party . . ., and futility of the amendment." *Jones v. Robinson Prop. Grp., LP*, 427 F.3d 987, 994 (5th Cir. 2005) (citations omitted). Here, review of Bekendam's motion to amend confirms that any amendment would be futile, as her motion presents no coherent argument or reasons in support of amendment. Further, trial courts need not grant leave to amend frivolous complaints. *See Jones v. Greninger*, 188 F.3d 322, 327 (5th Cir. 1999); *Whiddon v. Chase Home Finance, LLC*, 666 F.Supp.2d 681, 692 (E.D. Tex.

2009) ("Where, however, a claim is frivolous or the 'complaint alleges the plaintiff's best case,' a further factual statement from the plaintiff need not be allowed.") (citations omitted); *see also Brown v. Texas A & M Univ.*, 804 F.2d 327, 334 (5th Cir. 1986) (leave to amend is unnecessary where a plaintiff's alleged facts could not, as a matter of law, support the alleged claim, "[e]ven with every possible fact and inference resolved in favor of the plaintiff"). Accordingly, Bekendam should not be granted leave to amend here.

Bekendam should also be sanctioned. She has previously filed at least seven other cases in this district, some of which have been dismissed as factually or legally frivolous or for failure to prosecute. *See Bekendam v. Harmon*, No. 01-cv-00140-R (N.D. Tex. Filed July 26, 2001) (complaint dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) for failure to state a claim upon which relief may be granted); *Bekendam v. Director TDCJ-CID et al.*, Nos. 13-cv-00025-O, 13-cv-00026-O, and 13-cv-00027-O (N.D. Tex. filed March 21, 2013) (dismissing certain claims for a writ of habeas corpus challenging a disciplinary proceeding and failure to release on parole with prejudice, and dismissing § 2254 claims without prejudice for failure to exhaust state remedies); *Bekendam v. Director TDCJ-CID et al.*, No. 13-cv-00045-L (N.D. Tex. filed April 12, 2013) (ECF No. 45) (complaint dismissed as frivolous pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii)); *Bekendam v. Director, TDCJ-CID*, No. 15-cv-00079-O (N.D. Tex. filed May 4, 2015) (§

2254 petition for writ of habeas corpus dismissed for want of prosecution). *Bekendam v. Director TDCJ-CID*, No. 20-cv-02918 (N.D. Tex. filed September 22, 2020) (Bekendam's § 2254 petition for a writ of habeas corpus transferred to the Wichita Falls Division of the Northern District of Texas). She has also been explicitly warned that additional frivolous filings could result in sanctions. *Bekendam v. Director TDCJ-CID et al.,* No. 13-cv-00045-L (N.D. Tex. filed April 12, 2013) (ECF No. 45) (warning Beckendam that further frivolous lawsuits might result her pleadings being stricken or the imposition of monetary or other sanctions, as appropriate).

While "the judicial system is generally accessible and open to all individuals," *Kaminetzky v. Frost National Bank of Houston*, 881 F. Supp. 276, 277 (S.D. Tex. 1995), "district courts have an obligation to protect the orderly administration of justice and prevent abuse of the court's process by frivolous and vexatious litigants . . . *Pro se* litigants have 'no license to harass others, clog the judicial machinery with meritless litigation, and abuse already overloaded court dockets.'" *Ruston v. Dallas Cnty*., 2008 WL 958076, at *2 (N.D. Tex. Apr. 9, 2008) (quoting *Ferguson v. MBank Houston, N.A*., 808 F.2d 358, 359 (5th Cir. 1986)).

Due to Bekendam's vexatious litigation history, the Court recommends that Bekendam be SANCTIONED and BARRED from proceeding *in forma pauperis* in any civil action in this court—whether she files the civil action in this court, she files it in another court and it is

removed to this court, or she files it in another federal court and it is transferred to this court—without first obtaining leave of Court to do so.

## IV.

For the reasons stated, Bekendam's Complaint should be DISMISSED with prejudice as frivolous pursuant to 28 U.S.C. §§ 1915(A) and 1915(e)(2)(B)(ii); Bekendam's "Motion to Quit Claim in Support of Deed of Trust" (ECF No. 35) and "Motion for Judgment to Disclose Defendant and Amend Lawsuit in Demand for Legal Counsel" (ECF No. 36) should be DENIED; and Bekendam should be barred from proceeding *in forma pauperis* in this Court without leave of Court. It is further recommended that Bekendam not be given leave to amend for the reasons discussed herein.

Signed March 3, 2021.

_____
REBECCA RUTHERFORD
UNITED STATES MAGISTRATE JUDGE

## INSTRUCTIONS FOR SERVICE AND
## NOTICE OF RIGHT TO APPEAL/OBJECT

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). To be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).